Yalentine, J.
This was an action in the nature of quo warranto. The defendant made a motion in the court below to require the plaintiff to make his petition more definite and certain in certain particulars. The court overruled the motion as a motion, and then treated it as a demurrer, and sustained it as a demurrer, to which ruling the plaintiff excepted. The ruling was evidently erroneous, and the error was material. There is a vast difference between a motion to make more definite and certain and a demurrer. And even if the petition would have been held insufficient on demurrer, if a demurrer had been interposed, still, as the defendant did not choose to interpose a. demurrer, the court should not have done so for him. The petition, it is true, was defective; but whether it should have been held insufficient if a demurrer had been interposed, it is not now necessary to-determine. It was such that if the parties had gone to trial upon it, without objection, and a judgment had been rendered thereon in favor of the plaintiff, the judgment would have been valid, and would not have been disturbed on petition in error. “Neither presumptions of law, nor matters of which judicial notice is taken, need be stated in *245 the pleading.” Code, § 130. Courts must judicially take notice, without allegations and without proof, that the fifth day of November, 1872, was the day on *which the general election for that year was held; that it was a day at which vacancies in the office of clerk of the district court could have been filled; and courts must judicially know that an officer elected to fill a vacancy may take his office as soon as he is elected and qualified; and none of these things need be pleaded or proved. Now, the plaintiff alleges with sufficient particularity his election to said office on said day, his receiving his certificate of election, his filing his official bond, its approval, etc., his taking the oath of office, his demand for the office and the property thereof, the defendant’s refusal, and that since that time the defendant has been unlawfully exercising the duties of said office; and although the plaintiff does not in terms allege that he was elected to fill a vacancy merely, yet he evidently was, from the allegations of his petition, and the law; and after a judgment upon a fair trial such a petition would be held sufficient.
The order of the court below sustaining said motion as a demurrer is reversed, and cause remanded for further proceedings.
(All the justices concurring.)